Filed 9/29/14  P. v. West CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESSE THOMAS WEST,<br><br>    Defendant and Appellant. | B254524<br><br>(Los Angeles County<br>Super. Ct. No. SA085954) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Keith L. Schwartz, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After Jesse Thomas West rode his bicycle through a stop sign, he was stopped and searched by a police officer, who recovered a small plastic bag containing methamphetamine. West was arrested and charged in a felony complaint with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and with a special allegation he had served one separate prison term for a felony (Pen. Code, § 667.5, subd. (b)).

Represented by counsel, West waived his rights to a preliminary hearing and a jury trial and entered a negotiated plea of no contest, orally and in writing, to possession of methamphetamine.[1] At the time he entered his plea, West was advised of his constitutional rights and the nature and consequences of the plea, which West stated he understood. Defense counsel joined in the waivers of West's constitutional rights. The trial court expressly found West's waivers and plea were voluntary, knowing and intelligent.

Pursuant to the plea agreement, the trial court suspended imposition of sentence and placed West on three years of formal probation on condition he serve 20 days in county jail, with credit for time served, and complete a one-year residential drug treatment program. The court also imposed statutory fines, fees and assessments.

West filed a timely notice of appeal and checked only the preprinted box indicating his appeal was based on the sentence or other matters occurring after the plea that did not affect the validity of the plea. West's request for a certificate of probable cause on grounds his plea was not knowing and intelligent and his counsel rendered ineffective assistance was denied.

We appointed counsel to represent West on appeal. After an examination of the record, counsel filed an opening brief raising no issues. On May 13, 2014, we advised West he had 30 days in which to personally submit any contentions or issues he wished us to consider. We have received no response.

---

[1]     The one-year prior prison term enhancement allegation was apparently stricken as part of the plea agreement.

2

With respect to potential sentencing or post-plea issues that do not in substance challenge the validity of the plea itself, we have examined the record and are satisfied West's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

WOODS, J.

We concur:

PERLUSS, P. J.

ZELON, J.

3